IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN E. RAMBAM, on behalf of himself and all others similarly situated | : : : | CIVIL ACTION |
| v. | : : | |
| LONG AND FOSTER REAL ESTATE, INC. | : : | NO. 11-5528 |

## ORDER

**AND NOW**, this 22nd day of June, 2012, upon consideration of the Motion to Dismiss of Defendant Long and Foster Real Estate, Inc. ("Long & Foster") (Docket No. 23), and all documents filed in connection therewith, and after hearing argument from the parties yesterday, and for the reasons stated on the record at the argument, **IT IS HEREBY ORDERED** as follows:

1. Long & Foster's Motion is **GRANTED**.

2. Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. On or before July 23, 2012, Plaintiff may file a Third Amended Complaint that comports with our directives at yesterday's hearing.[1]

---

[1] As Plaintiff conceded at yesterday's hearing, his Second Amended Complaint (the "Complaint") includes two theories of liability under § 8(b) of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2607(b), only one of which remains viable in light of the United States Supreme Court's May 24, 2012 decision in Freeman v. Quicken Loans, Inc., 132 S. Ct. 2034 (2012). Given this development, and the confusing way in which the two alternative theories of liability were pled in the Complaint, we cannot determine with any certainty which allegations in the Complaint remain pertinent to Plaintiff's RESPA claim and which do not. We therefore requested at yesterday's hearing that Plaintiff amend the Complaint to more clearly articulate the RESPA claim in light of the sole remaining theory of liability.

We also held that, as an element of his RESPA claim, Plaintiff must plead and prove that the fee-splitting transaction about which he complains is not an exempt fee-splitting transaction under § 8(c) and, in particular, under § 8(c)(3), which exempts fee splits pursuant to "cooperative brokerage and referral arrangements or agreements between real estate agents and brokers." 12 U.S.C. § 2607(c)(3); see Capell v. Pulte Mortg., L.L.C., Civ. A. No. 07-1901, 2007 WL 3342389, at *6 (E.D. Pa. Nov. 7, 2007) ("[A] plaintiff asserting a RESPA § 8 claim must establish that the

BY THE COURT:

/s/ John R. Padova, J.

_____
John R. Padova, J.

---

transaction is not exempt under RESP[A] § 8(c)."). Because Plaintiff has not pled that the alleged fee-splits between Long & Foster and its broker-associates do not fall within the § 8(c) exemptions, the Complaint fails to state a RESPA claim upon which relief may be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a plaintiff has an obligation to provide the "'grounds' of his 'entitle[ment] to relief,'" and thus must include factual allegations that "raise [his] right to relief above the speculative level" (quoting Fed. R. Civ. P. 8 (a))). We are not convinced, however, that Plaintiff's RESPA claim is futile and we therefore give him the opportunity to plead that missing element in a Third Amended Complaint, provided that he can do so consistent with Twombly and Rule 11 of the Federal Rules of Civil Procedure.

We further advised counsel at the hearing that, to the extent that Plaintiff's claims in any Third Amended Complaint rely on specific documents that are referenced within that complaint, including, but not limited to, any written fee agreement between Long & Foster and Plaintiff, and any contract between Long & Foster and its broker-associates, either Plaintiff should attach those documents to the Third Amended Complaint or Long & Foster should append those documents to any Motion to Dismiss that it files. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that, on a motion to dismiss, a court must be able to consider documents integral to or explicitly relied upon in the complaint or "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.")

Finally, we noted with regard to the state law claims in the Complaint that we had concerns with both the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim under 73 Pa. Stat. Ann. § 201-2(4)(xxi) (the "catch-all provision"), and the count entitled "Declaratory and Injunctive Relief." Observing that a UTPCPL claim under the catch-all provision requires plausible allegations of justifiable reliance, see Kemezis v. Matthews, 394 F. App'x 956, 959 (3d Cir. 2010), we expressed doubt that the Complaint's allegations in this regard were sufficient to meet Twombly's stringent pleading standard. We also questioned Plaintiff's fashioning of a separate count entitled "Declarative and Injunctive Relief," when that count sets forth no separate claim but, rather, merely sets forth a desired remedy. See, e.g., Tolia v. Dunkin Brands, Civ. A. No. 11-3656, 2011 WL 6132102, at *6 (D.N.J. Oct. 7, 2011) ("[A]n injunction is a remedy and not by itself a cause of action." (citing cases)); Abuda v. Cal-Western Reconveyance Corp., Civ. A. No. 11-1823, 2012 WL 2327684, at *6 (D. Nev. June 18, 2012) ("Declaratory and injunctive relief is not a separate cause of action or an independent ground for relief."); Colgan v. Mabus, Civ. A. No. 11-2278, 2012 WL 2061686, at *9 (S.D. Cal. June 6, 2012) ("Plaintiff's claim for injunctive relief fails because an injunction is a remedy, not a separate claim.")

For all of these reasons, we dismiss the Second Amended Complaint, but do so without prejudice, and grant Plaintiff leave to file a Third Amended Complaint on or before July 23, 2012.